**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **EDWARD BARBER,** | * | |
| | * | |
| Petitioner | * | Civil Case No. 08-3003-RWT |
| | * | |
| v. | * | |
| | * | Criminal Case No. 04-235-RWT |
| **UNITED STATES OF AMERICA,** | * | |
| | * | |
| Respondent | * | |

### MEMORANDUM OPINION

Petitioner filed this 28 U.S.C. § 2255 petition on November 10, 2008, to vacate, set aside, or correct his sentence on the ground that his counsel was ineffective in failing to appeal. The United States has moved to dismiss Petitioner's motion as untimely filed.

### I. FACTS

On December 1, 2006, pursuant to a plea agreement, Petitioner entered a guilty plea before this Court to charges of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846, and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). On February 27, 2007, Petitioner was sentenced to the statutory mandatory minimum of 120 months imprisonment for his offenses.

Petitioner now claims that his sentence should be vacated, set aside, or corrected due to ineffective assistance of counsel. Specifically, he contends that prior to entering into a plea agreement with the government, his attorneys explained to him that the only means of receiving a sentence outside of the statutory mandatory minimum would be through the application of the

"safety valve" provision of the federal sentencing guidelines.[1]  He further alleges that counsel erroneously informed him that to qualify for this relief, Petitioner would have to testify against his fellow defendants.  Being averse to testifying against them, Petitioner entered into a plea agreement with the government, whereby the statutory mandatory minimum remained in effect.

Petitioner contends that several days before his sentencing, he discovered that his attorneys had misconstrued the "safety valve" provision under the federal guidelines, as testifying at trial is not a prerequisite for its application.  Had he realized that he could have avoided the statutory mandatory minimum sentence without testifying against the other defendants in his case, Petitioner alleges that he would have sought application of the "safety valve" provision instead of accepting the government's plea agreement.  When this issue was not raised at his sentencing, Petitioner alleges that he informed his attorney, Mr. Edward Wilford, of his desire to appeal his sentence on the ground that he did not make a fully informed decision concerning his plea agreement.  Despite this alleged request, no notice of appeal was filed with the Court following Petitioner's sentencing.

Petitioner remained in contact with his attorneys after his sentencing, but failed to inquire about his appeal.  On October 20, 2008, Petitioner wrote his attorneys, specifically raising the issue of his appeal for the first time since his sentencing.  Mr. Anthony Ricco responded to Petitioner's

---

[1]Section 5C1.2(a) of the U.S. Sentencing Guidelines Manual, colloquially referred to as the "safety valve" provision, permits federal courts to "impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence" when a defendant meets the five criteria set forth in 18 U.S.C. § 3553(f), none of which requires the defendant to testify against his co-defendants at trial.  U.S.S.G. § 5C1.2(a)(5) does require a defendant to truthfully provide to the Government "all information and evidence the defendant has concerning the offense," but does not require him to testify.

letter, informing him that no notice of appeal had been filed in his case.[2]  Petitioner then filed this § 2255 motion on November 10, 2008, more than one year and eight months after this Court rendered his sentence.

## II. DISCUSSION

In the Antiterrorism and Effective Death Penalty Act, Congress established a strict one-year time limitation for collaterally attacking a criminal sentence pursuant to 28 U.S.C. § 2255.  This limitation is to run "from the latest of" four possible periods:

> (1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In his Reply Brief, Petitioner concedes that his § 2255 motion was not filed within one year of "the date on which the judgment of conviction" became final in this case.  28 U.S.C. § 2255(f)(1). However, he contends that subsection (4) of 28 U.S.C. § 2255(f) governs his motion, as he allegedly

---

[2]Specifically, Mr. Ricco informed Petitioner that he had: (1) waived his right to appeal his sentence as part of his negotiated plea agreement with the government, (2) verbally acknowledged his waiver of appeal at his plea allocution before this Court, and (3) failed to raise the issue of appeal to his attorneys until this juncture.  Consequently, Petitioner was informed that no sentencing appeal had been filed on his behalf.

did not uncover the facts supporting his § 2255 claim through the exercise of due diligence until

October 24, 2008, well after his judgment was final.[3]

In the context of § 2255 motions, the Supreme Court has held that due "diligence can be

shown by *prompt action* on the part of the petitioner *as soon as* he is in a position to realize that he

has an interest in challenging the prior conviction." *Johnson v. United States*, 544 U.S. 295, 308

(2005) (emphasis added).   Here, Petitioner contends that he discovered his counsel's alleged

misrepresentation of the "safety valve" provision several days prior to his sentencing on February

27, 2007.  He alleges that after this Court rendered a sentence imposing the statutory mandatory

minimum, he requested his counsel to appeal the sentence on the ground that he was inadequately

informed of the options available to him at the plea bargain stage.  To be timely, this appeal would

have had to have been filed within ten business days[4] of the sentencing, or March 13, 2007.  Fed.

R. App. P. 4(b)(1)(A).

Some *twenty months* later, on October 20, 2008, Petitioner inquired of his attorneys about

the status of his appeal, by his own admission raising the issue for the first time since his sentencing.

In a letter dated October 24, 2008, which the Petitioner provided to the Court, Mr. Ricco informed

Petitioner that no appeal had been filed on his behalf.[5]  Petitioner alleges that this letter constitutes

his initial discovery of the facts supporting his claim of ineffective assistance of counsel.

---

[3]Neither party has argued that subsection (2) or subsection (3) of 28 U.S.C. § 2255(f) is
applicable to the facts of this case.

[4]Fed. R. Crim. P. 45(a)(2) instructs courts to "[e]xclude intermediate Saturdays, Sundays,
and legal holidays when" calculating time periods "less than 11 days."

[5]  Notably, Mr. Ricco also stated that he had discussed the matter with Mr. Wilford, who
informed him that Petitioner had *never requested* that his sentence be appealed.

However, the limitations period in 28 U.S.C. § 2255(f)(4) does not run from the *actual* discovery of facts supporting a collateral attack, but rather from the date on which those facts *could have been* discovered through the exercise of due diligence.   The substantial period of time between Petitioner's alleged first request for an appeal and his follow-up discussion with his attorneys regarding the status of that request falls well short of the "prompt action" necessary to restart the limitation period.  *Johnson*, 544 U.S. at 308.  Petitioner has indicated that he was in regular contact with his attorneys since his sentencing on February 27, 2007.  While the earliest possible moment that Petitioner was "in a position to realize," *Johnson*, 544 U.S. at 308, that he had a potential claim for vacating, setting aside, or correcting his sentence would have been the day after the federal deadline for filing a notice of appeal expired, at the very least, Petitioner should have recognized that something was amiss before twenty months of post-sentencing discussions with his attorneys had passed, wherein not one mention of his appeal had been made.  The Court cannot find such extraordinary oversight to constitute "due diligence" under 28 U.S.C. § 2255(f)(4).[6]  Consequently, Petitioner's § 2255 motion will be dismissed as untimely filed.

---

[6]Nor is the Court inclined to equitably toll § 2255's limitation period under the circumstances.  The Fourth Circuit has held that the doctrine of equitable tolling is to be invoked sparingly, "reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000).  Such is not the case here.

## III. CONCLUSION

For the foregoing reasons, the Court will, by separate order, grant the Government's

motion to dismiss Petitioner's § 2255 motion to vacate, set aside, or correct his sentence.


Date: August 13, 2009                    _____/s/_____
                                         ROGER W. TITUS
                                         UNITED STATES DISTRICT JUDGE